```
UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND
- - - - - - - - - - - - - - - - -x
In re:                            :
JANICE I. THOMPSON                 :    BK No. 09-12293
            Debtor                      Chapter 13
- - - - - - - - - - - - - - - - -x
```

## ORDER

The Debtor objects to reimbursing Aurora Loan Services, LLC for its legal fees incurred for filing a proof of claim in this case. At the hearing on the Debtor's objection to the assessment of any fees for such service, Aurora's counsel explained that "only a portion of the $250 was for filing the proof of claim." To clarify that ambiguous statement, the Court ordered Aurora to file an itemized fee application. Partridge Snow & Hahn filed the claim, and then tacked on another $1,694 for itemizing the $250 request.

At issue is whether consumer debtors are required to pay secured creditors for filing bankruptcy proofs of claim and, predictably, there are differing views on the subject. *Compare In re Porter,* 399 B.R. 113 (Bankr. D.N.H. 2008) (affirmative), with *In re Rangel,* 408 B.R. 650 (Bankr. D. Tex. 2009) (negative).

This Court prefers a middle approach, to address such issues fact specifically, and to consider whether the preparation and filing of the proof of claim was "a ministerial act," or whether special skills and professional services were required to get the proof of claim filed. This is a garden variety consumer case, with

BK No. 09-12293

no reason given why Aurora's clerical staff could not have filed a proof of claim without professional assistance.  Therefore, the Debtor's objection to the request for reimbursement of legal fees in this case is **SUSTAINED**.

As guidance for parties appearing in this Court, the filing of a secured proof of claim in consumer cases is presumptively a ministerial function, and the expense of getting such a document filed is not chargeable to the debtor.  However, if the creditor shows that preparing the proof of claim involved complex issues that could not be presented without professional services, the Court *may allow reasonable* fees.

Finally, counsel's November 12, 2009, "Interim Fee Application" (Doc. No. 65) is **DISALLOWED**, as an offensive attempt to intimidate opposing parties to meet its demand(s), or else run the threat of having to pay ludicrous additional charges that dwarf the size of the original claim.  Because the Court does not consider this practice to be a reasonable exercise of its contractual rights, similar future filings will be considered sanctionable, and they will be treated as such, pursuant to Bankruptcy Rule 9011.

BK No. 09-12293

Entered as an Order of this Court, this    28th    day of January, 2010.

Arthur N. Votolato
U.S. Bankruptcy Judge

Entered on docket: 1/28/10