```
UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND
- - - - - - - - - - - - - - - - - -x
In re:                              :
JANICE I. THOMPSON                  :    BK No. 09-12293
          Debtor                         Chapter 13
- - - - - - - - - - - - - - - - - -x
```

**ORDER**

Aurora Loan Services requests that our Order dated January 28, 2010 (Doc. No. 88) ("the Order"), denying its Application for Interim Compensation, be vacated under Federal Rule of Civil Procedure 60(b)(1), (4), (5), and (6).[1]  Aurora contends that the Application "had effectively been withdrawn," thereby rendering moot one of the issues dealt with in our January 28 ruling.  The Debtor objects.

A brief reference to the travel and background of this matter is, I believe, useful.  In July 2009, Aurora filed a Proof of Claim, and the Debtor objected to a $250 item for "Postpetition/Prepetition legal fees."  At the hearing, Aurora's counsel stated that "only a portion of the $250 was for filing the proof of claim."  Looking for clarification of that somewhat

---

[1] Fed. R. Civ. P. 60(b), made applicable by Federal Rule of Bankruptcy Procedure 9024, provides in relevant part:
> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.**  On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> \*\*\*
>> (6) any other reason that justifies relief.

ambiguous statement, the Court requested an itemized fee application.  On November 12, 2009, Aurora's counsel complied, presenting an Application in the amount of $1,944 for:  (1) filing the Proof of Claim, (2) responding to the Proof of Claim Objection, and (3) preparation of the Application.  On November 18, 2009, the Court heard arguments on Aurora's Proof of Claim and the Debtor's Objection to fees, and reserved decision on both matters.  Thereafter, the activity leading to the need for this Order occurred.

On December 16, 2009, while the above-mentioned issues were still under advisement, Aurora filed an Amended Proof of Claim (No. 5-2), and on December 28, 2009, the Debtor withdrew her Objection to the claim, as amended.  The Court acknowledges that it was not aware of those two filings when we issued our January 28, 2010 Order Denying Aurora's Application for Interim Compensation.  This does not change the result as to the merits of the Motion to Vacate, however, since Aurora's fee application and the Debtor's objection to it had not been withdrawn, according to the Court's docket, they were both pending when "the Order" was entered, and neither party advised Chambers of any "resolution."

Aurora contends, nevertheless, that because the Application is so intertwined with the Proof of Claim, that the filing of the Amended Proof of Claim, together with the Debtor's withdrawal of

2

BK No. 09-12293

her Objection, rendered the Application for Interim Compensation moot. Aurora also argues that the Order "was entered erroneously."

I disagree on both points. While it was likely due to oversight, both Aurora's Interim Application (Doc. No. 65) and the Debtor's Objection (Doc. No. 70) were, and still are matters of record and, as far as the Court knew, were issues in controversy when the Order was entered. Indeed, the continued pendency of the Application, *in a separate request for relief*, is why I kept working on the matter and eventually issued the Order now in question. Other suggestions by Aurora as grounds for relief under Fed. R. Civ. P. 60(b) have neither been argued, nor are any supported by the record.

For the reasons discussed herein, Aurora's Motion to Vacate Judgment is **DENIED.**

Entered as an Order of this Court, this 13th day of April, 2010.

*[signature]*

Arthur N. Votolato
U.S. Bankruptcy Judge

Entered on docket: 4/13/10

3